UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM SMITH, RICK GARZA, ROBERT BAILEY, AND STEVE CARLSON<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. C11-1311RSL<br><br>ORDER EXTENDING SERVICE DEADLINE |

　　　　This matter comes before the Court *sua sponte*. On June 19, 2012, the Court ordered Plaintiffs to show cause why their claim should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for their failure to timely serve the Defendant. As of that date, 313 days had passed since Plaintiffs initiated this action. Dkt. # 1. In their response, Plaintiffs contend that good cause exists for an extension of time. The Court disagrees. Still, it will allow Plaintiffs 21 more days to serve Defendant.

　　　　"Rule 4(m) provides two avenues for relief." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Id. (citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." The Ninth Circuit has explained that, for purposes of Rule 4(m), "excusable neglect" requires "examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

ORDER EXTENDING SERVICE DEADLINE - 1

reason for the delay; and (4) whether the movant acted in good faith.'" Id. at 1192 (citations omitted).  And, "good cause" requires "establishing, at minimum, excusable neglect," plus the following factors:  "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Id. at 1198 n.3.

The Court wastes little time finding a lack of good cause in this case.  As explained by counsel, Plaintiffs failed to serve Defendant because of both a lack of communication between current counsel and prior counsel and an apparent ignorance as to the status of the case.  Dkt. # 6 at ¶¶ 3–4.  These circumstances amount to nothing more than carelessness, and as explained in Johnson v. Mammoth Recreations, Inc. "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  975 F.2d 604, 607–08 (9th Cir. 1992) (discussing good cause in the Rule 16(b) context).  Moreover, counsel concedes that "plaintiffs have not provided actual notice [to Defendant] of this action," Dkt. # 5 at 3—a baseline requirement of Rule 4(m) good cause, Lemoge, 587 F.3d at 1198.

In addition, were this any other case, the Court would also find an absence of excusable neglect.  The length of the delay is severe (nearly triple the allotted time) and the reason, pure carelessness, is hardly excusable.  See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 n.1 (9th Cir. 1997) (noting that the third factor "weigh[s] against a party" if the "failure to meet a filing deadline was its own fault and not, for example, an 'act of God'").  Nevertheless, in this case, the Court must take into account that dismissal would likely be dispositive as the relevant statute of limitations appears to have run.  Lemoge, 587 F.3d at 1195 ("[U]nlike a statute-of-limitations standard, the standard for permissibly expanding the period for service under Rule 4(m) has embedded within it a concern for prejudice to the movant.").  And because of that reality alone, the Court will exercise its discretion to accord Plaintiffs one final opportunity to effect service.  See id.

ORDER EXTENDING SERVICE DEADLINE - 2

1   In sum, the Court will allow Plaintiffs 21 days from the date of this Order to
2   effectuate service.  And to be absolutely clear, the Court will dismiss Plaintiffs' claim at
3   the expiration of that 21-day period unless Plaintiffs <u>both serve the Defendant and
4   provide notice of that service to this Court within that 21-day period</u>.

DATED this 11th day of July, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER EXTENDING SERVICE DEADLINE - 3